ANDRÉ BIROTTE JR.
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
TERRENCE P. MANN (Cal. SBN 211377)
Assistant United States Attorney
Violent & Organized Crime Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2438
     Facsimile: (213) 894-3713
     E-mail: terrence.mann@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) No.  CV 10-2482-CAS |
|---|---|
| Plaintiff, | )      CR 04-1239(A)-CAS |
| v. | ) GOVERNMENT'S OPPOSITION TO MOTION OF DEFENDANT VICTOR GOMEZ-ORTIZ TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF TERRENCE P. MANN |
| VICTOR GOMEZ-ORTIZ, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby submits its opposition to the Motion to Correct Sentence pursuant to 28 U.S.C. § 2255 ("Motion") filed by defendant VICTOR GOMEZ-ORTIZ on April 6, 2010.

///

///

///

1   This opposition is based on the attached memorandum of points
2   and authorities, the attached Declaration of Terrence P. Mann, and
3   the files and records of this case.

4   DATED: June 4, 2010                Respectfully submitted,

                                       ANDRÉ BIROTTE JR.
                                       United States Attorney

                                       CHRISTINE C. EWELL
                                       Assistant United States Attorney
                                       Chief, Criminal Division

                                                /S/
                                       _____
                                       TERRENCE P. MANN
                                       Assistant United States Attorney

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I**

**INTRODUCTION**

On January 10, 2007, defendant VICTOR GOMEZ-ORTIZ ("defendant") was sentenced by this Court to a 70-month term of imprisonment, based on his conviction for conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), as charged in Count One of the First Superseding Indictment. (Declaration of Terrence P. Mann ("Mann Decl.") ¶ 2, Exhibit A at 4). The Court's Judgment and Commitment Order also prescribed that "[t]his sentence shall run concurrent to the sentence Gomez is currently serving for Los Angeles County Superior Court case no. BA267759-03." (CR[1] 221). Thereafter, defendant was transferred to a Bureau of Prisons ("BOP") facility in Texas, where he is presently incarcerated. (Mann Decl. ¶ 3, Exhibit B).

On April 6, 2010, defendant filed his Motion to Correct Sentence pursuant to 28 U.S.C. § 2255 ("Motion"). (CR 409). Defendant claims that the BOP miscalculated his sentence by purportedly failing to "credit[] his federal sentence with time spent in state and federal custody prior to his federal conviction" -- in other words, the approximately 604 days between when he was sentenced in state court on May 17, 2005 and his January 10, 2007 sentencing in this case. (Motion at 3, 10).

---

[1] "CR" refers to the clerk's record and is followed by the applicable docket control number from the Court's <u>criminal</u> docket in this case. The docket report is attached hereto as Exhibit "A." Also, "RT" refers to the reporter's transcript of proceedings and is followed by the applicable date and page references.

1

Defendant's claim must fail, however, because this Court does not have jurisdiction to consider the Motion. Petitions properly filed under 28 U.S.C. § 2255 ("Section 2255") must be filed within one year of the judgment becoming final, and the Motion -- filed more than three years after defendant was sentenced in this case -- would be time-barred. Nevertheless, the Motion challenges the execution of defendant's sentence and therefore properly should have been styled a habeas petition under 28 U.S.C. § 2241 ("Section 2241"). As such, the Motion was required to have been filed in the jurisdiction where defendant is presently being confined, the Northern District of Texas. Either way, because no statutory basis exists to justify a modification of defendant's sentence more than three years after the judgment became final, the Motion is fatally flawed and must be denied on procedural grounds.

Moreover, defendant's substantive claim in the Motion is erroneous. Concurrent sentences are simply sentences that overlap going forward -- i.e., the first custodial sentence does not have to end before the second sentence begins, as consecutive sentences would normally operate. "Concurrent" definitely does not mean that defendant's second, federal sentence should be backdated to begin at the same time as the first, state sentence. In fact, receiving credit for such prior time served is specifically prohibited by statute. Accordingly, the BOP correctly calculated defendant's sentence to end 70 months (minus good conduct time and prior custody credits) after the second, federal sentence was imposed on January 10, 2007, as the Court intended. Because the BOP has correctly calculated the sentence, defendant's claim has no merit and the Motion should be denied on substantive grounds, as well.

## II

## **ARGUMENT**

**A.  THE COURT LACKS JURISDICTION TO REACH THE MERITS OF THE MOTION**

    **1.  If Construed as Falling under Section 2255, the Motion Is Time-Barred**

The Motion should have been filed as a habeas petition under Section 2241, as discussed below.  Even if the Court were to construe the Motion as it is presently styled as a Section 2255 motion, however, defendant's claims are untimely.  Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 105, 110 Stat. 1214, 1220 (1996), Section 2255 motions must be filed within one year from the latest of:

    a.  the date on which the judgment of conviction became final;

    b.  the date on which the impediment to making a motion created by the governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    c.  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    d.  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AEDPA, § 105, 110 Stat. 1214, 1220 (1996).

1    Considering the various alternatives for determining the date
2 from which the AEDPA's one-year statute of limitations runs, it is
3 clear that the Motion is untimely.  First, the Petition was filed
4 on April 6, 2010 (Mann Decl., Exhibit A at 5), more than three
5 years after Petitioner's conviction became final on or about
6 January 20, 2007.  Indeed, a defendant's conviction becomes final,
7 when he does not seek an appeal (as occurred here), at the time to
8 file the notice of appeal expires -- that is, 10 days after the
9 entry of judgment.  See Fed. R. App. P. 4(b); United States v.
10 Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2000).  Second, defendant
11 does not claim, nor could he, that the government prevented him
12 from filing the Motion earlier.  Third, the Motion asserts no newly
13 recognized right retroactive to cases on collateral review.
14 Fourth, and finally, defendant fails to claim, and cannot claim,
15 that the facts upon which he relies were only discovered within a
16 year of the filing of the Motion, or that they could not have been
17 discovered earlier.  Accordingly, if the Motion is treated as a
18 Section 2255 motion, defendant's claims are time-barred.

19    **2.    If Construed as Falling under Section 2241, the Motion**
20          **Has Been Filed in the Wrong District**

21    When properly treated as a Section 2241 habeas petition, the
22 Motion remains procedurally defective because it should have been
23 filed in the Northern District of Texas, where defendant is
24 presently confined.

25    As a threshold matter, the Motion should have been filed under
26 Section 2241 because it does not challenge defendant's actual
27 sentence, but rather how the sentence is being executed.  "A
28 petition under section 2255 can test only the propriety of the

4

sentence imposed, not the manner of execution." <u>United States v. Giddings</u>, 740 F.2d 770, 771 (9th Cir. 1984); <u>Brown v. United States</u>, 610 F.2d 672, 677 (9th Cir. 1980) ("A petition under § 2255 can test only the sentence imposed and not the sentence 'as it is being executed.'") (quoting <u>Ridenour v. United States</u>, 446 F.2d 57 (9th Cir. 1971)). There can be no dispute that defendant's challenge to how the BOP is crediting custody time prior to his sentencing hearing is a challenge to the execution of his sentence, which must be addressed by a Section 2241 motion. <u>See</u> <u>Giddings</u>, 740 F.2d at 771 (holding that petitioner's claim that he was entitled "to credit against his sentence for time spent in custody prior to sentencing" may be reviewed through a writ of habeas corpus under Section 2241). Defendant's reliance on caselaw addressing Section 2255 (Motion at 4), therefore, is misplaced.

Once properly viewed under Section 2241, the Motion must be denied because it has been brought before the wrong district court. In <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 442 (2004) (internal quotations omitted), the Supreme Court reiterated "the traditional rule [which] has always been that the Great Writ is issuable only in the district of confinement." This traditional rule, of course, has been consistently followed by the Ninth Circuit. <u>See, e.g.</u>, <u>Giddings</u>, 740 F.2d at 771 ("Any habeas petition in this case must be addressed to the district court in the district where appellant is confined."); <u>Brown</u>, 610 F.2d at 677 ("A petition under § 2241 must be addressed to the district court which has jurisdiction over [a defendant] or his custodian.") (quoting <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484 (1973)). Here, defendant is not confined in the Central District of California, but rather

5

is housed at the BOP Dalby Correctional Institution in Post, Texas -- in the Northern District of Texas. (Mann Decl. ¶ 3, Exhibit B). Thus, the Motion should be denied because only the district court for the Northern District of Texas has jurisdiction to hear it.

### 3. No Statutory Basis Exists for Modifying Defendant's Sentence More Than Three Years after It Was Imposed

Separate and apart from the procedural defects specific to Sections 2255 and 2241, this Court additionally lacks jurisdiction to modify its judgment to reduce the sentence it imposed on defendant in January 2007.

"A court generally may not correct or modify a prison sentence once it has been imposed." United States v. Penna, 319 F.3d 509, 511 (9th Cir. 2003) (citing 18 U.S.C. § 3582(c)). Except for specific circumstances not present here, the court may modify a sentence only "to the extent otherwise expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. §3582(c)(1)(B). In particular, Federal Rule of Criminal Procedure 35(a) provides:

> Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.

Rule 35's seven-day limit is a jurisdictional requirement, and once that time has passed, the district court loses jurisdiction to modify a sentence. See Penna, 319 F.3d at 510, 512. Because the seven-day time period has long since passed in this case, the Court lacks jurisdiction under Rule 35 to modify defendant's sentence, and defendant has failed to identify any other possible statutory basis for relief. Thus, defendant is barred from seeking a modification of his sentence under U.S.S.G. § 5G1.3, and the

6

authorities upon which he relies for application of this Guidelines section (Motion at 5-8) are all inapposite in this case.

The Motion therefore should be dismissed on procedural grounds because the Court does not have jurisdiction to hear it.

**B.   THE MOTION IS WITHOUT SUBSTANTIVE MERIT IN ANY EVENT**

Yet even if the Court were to ignore the Motion's clear procedural flaws and address its merits, defendant cannot succeed as a matter of law.  Defendant takes issue with the BOP's decision not to give him credit for time he served in state custody <u>prior</u> to the imposition in his federal sentence, and he asks this Court to order the BOP to reduce his sentence accordingly.  Specifically, defendant argues that his sentence should be reduced by the approximately 604 days between the date he was <u>sentenced</u> in state court, May 17, 2005, and his sentencing hearing in this case, January 10, 2007.  (Motion at 10-13).  This argument fails.

Irrespective of the merits of defendant's argument, the Court may not intervene in the process of determining the credit for prior custody to which defendant may (or may not) be entitled.  It is well-established that it is within the sole discretion of the Attorney General, through the BOP, to make this determination, not the district courts. <u>See</u> <u>United States v. Wilson</u>, 503 U.S. 329, 334-35 (1992) (holding that "once a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence"); <u>United States v. Lualemaga</u>, 280 F.3d 1260, 1265 (9th Cir. 2002) ("The initial calculation [of credit for time served] must be made by the Attorney General acting through the Bureau of Prisons.").

Moreover, there is a statutory bar to defendants receiving

7

pre-sentence credit for time spent in custody that has been awarded against any other sentence. Specifically, 18 U.S.C. § 3585(b) -- entitled "Credit for prior custody" -- provides that:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> <u>that has not been credited against another sentence</u>.

18 U.S.C. § 3585(b) (emphasis added); see also <u>Wilson</u>, 503 U.S. at 337 ("Congress made clear that a defendant could not receive a double credit for . . . detention time."). In the instant matter, as defendant points out in the Motion, the BOP calculated defendant's sentence by starting his 70-month sentence on the date of his sentencing hearing before this Court, and then reducing it for good conduct time and prior custody (<u>Willis</u>) credits to reach the present release date of May 20, 2011. (Motion at 10-12). Section 3585(b) precluded defendant from receiving credit for custody time prior to his sentencing in this case, however, because he was still receiving credit against his state sentence even after being transferred to federal custody. See <u>Taylor v. Reno</u>, 164 F.3d 440, 441 n.1, 445 (9th Cir. 1998) (holding that the state retains primary jurisdiction over a transferred prisoner, and federal custody commences only when the state authorities relinquish their custody upon the satisfaction of the state term). Defendant's federal sentence therefore could only be concurrent with the remaining, unserved portion of his state sentence. Thus, the BOP

8

1 correctly calculated defendant's sentence, as required by statute.

2 Finally, the BOP's calculations are consistent with the Court's instructions at defendant's sentencing hearing. After the Court explained its intention to sentence defendant to a 70-month term of imprisonment concurrent with his state sentence, defense counsel initiated the following discussion:

> MR. WINDSOR: ... <u>I think the intent of the Court and probation is, that he receive an, effectively, a reduction of 18 months in federal sentence</u>, and why don't we just do the sure way and accomplish it that way.
>
> THE COURT: <u>I don't think it's my intention to see that he receives a reduction of 18 months off of 70 months.</u> I mean, we have a plea agreement. We have, as they say, a finding of safety valve eligibility and the circumstances that I just think work very much in favor of your client, and I do think that this was the intention of the government in asking for the 70 months, and I don't think it's unreasonable in this circumstance. I really don't.

(RT 1/10/07: 14) (emphasis added). The Court had every opportunity to reduce defendant's sentence under U.S.S.G. § 5G1.3 but declined to do so. In fact, the Court made clear that it intended for defendant to serve a custodial sentence of 70 months; in other words, a 70-month sentence that was concurrent -- or overlapped prospectively -- with defendant's state court sentence. The Court respected the BOP's exclusive authority to make time-served determinations, and should do so again in rejecting defendant's latest attempt to obtain the approximately 18-month reduction of his sentence. There is no basis for this requested relief in the law and, thus, the Motion should be denied.

### III

### CONCLUSION

For the foregoing reasons, the Motion should be denied.

9

**DECLARATION OF TERRENCE P. MANN**

I, Terrence P. Mann, declare as follows:

1. I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California (the "Office"). I have been assigned to prepare the government's response to the Motion to Correct Sentence pursuant to 28 U.S.C. § 2255 ("Motion") filed by defendant VICTOR GOMEZ-ORTIZ ("defendant"). I have personal knowledge of the following facts, and if called and sworn as a witness, I could competently testify thereto.

2. Attached hereto as Exhibit "A" is a true and correct copy of the docket from defendant's underlying <u>criminal</u> case.

3. Attached hereto as Exhibit "B" are true and correct copies of documents that I downloaded from the Bureau of Prisons ("BOP") website demonstrating that defendant is presently confined at the Dalby Correctional Institution in Post, Texas. On or about May 27, 2010, I spoke with BOP Supervisory Attorney Eli Ben-Shmuel, who confirmed defendant's placement at a BOP facility in Texas.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed this 4th day of June, 2010, in Los Angeles, California.

/S/
_____
TERRENCE P. MANN
Assistant United States Attorney

1